UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

BERNARD PEPPER, and AMY PEPPER,

Plaintiffs,

v. Case No.: 2:26-cv-1645-SPC-KRH

PROGRESSIVE AMERICAN INSURANCE COMPANY,

Defendants.

---

**OPINION AND ORDER**

Before the Court is Plaintiffs Bernard Pepper and Amy Pepper's motion to remand. (Doc. 11). Defendant Progressive American Insurance Company responded. (Doc. 15). For the below reasons, the Court denies the motion.

This is an insurance coverage action arising from a vehicular collision. Plaintiffs allege they sustained injuries in a motor vehicle accident and filed suit against the at-fault tortfeasors. (Doc. 11 ¶ 3). Plaintiffs obtained a confidential settlement in that matter with the tortfeasors' insurer. Notwithstanding the settlement, Plaintiffs sued Defendant, their insurer, in the Twentieth Judicial Circuit Court in and for Lee County, Florida. Plaintiffs seek damages from Defendant because the tortfeasors "did not maintain

adequate bodily injury liability coverage to compensate the Plaintiff[s] for injuries suffered in this crash." (Doc. 1-1 ¶ 13).

Defendant removed this action to federal court invoking diversity jurisdiction. (Doc. 1). Federal courts have diversity jurisdiction over civil actions where there is diversity of citizenship between the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332(a). A removing defendant bears the burden of establishing federal jurisdiction. *See Lowery v. Alabama Power Co.*, 483 F.3d 1184, 1207 (11th Cir. 2007).

Defendant alleges that the amount in controversy exceeds $75,000 based on Plaintiffs' discovery responses. In particular, Defendant cites the medical expenses Plaintiffs included in their initial discovery disclosures. Mr. Pepper lists medical expenses totaling $91,671.30. (Doc. 1-7 at 5). Mrs. Pepper lists medical expenses totaling $159,710.97. (Doc. 1-8 at 6). Defendant also points to the fact that Plaintiffs claim damages for future medical expenses and non-economic damages. (*Id.* at 7).

Plaintiffs move to remand the case arguing that Defendant fails to prove by "a preponderance of the evidence that the amount in controversy exceeds the jurisdictional minimum."[1] *S. Fla. Wellness, Inc. v. Allstate Ins.*, 745 F.3d

---

[1] Plaintiffs concede that diversity of citizenship exists between the parties. (Doc. 11 ¶ 2).

1312, 1315 (11th Cir. 2014) (citation omitted). Plaintiffs point out that the tortfeasors had an insurance policy that provides $500,000 in bodily injury coverage and an additional $20,000 for no-fault injury coverage. (Doc. 11 ¶ 6). Defendant admitted this coverage exists in its answer. (Doc. 5 ¶ 11). Plaintiffs' argument is essentially that the settlement and associated coverages "offset" the damages amounts included in their discovery responses, and therefore Defendant cannot establish that the amount in controversy threshold is satisfied. (Doc. 11 ¶ 6). Plaintiffs' argument is unpersuasive.

Defendant establishes that federal jurisdiction exists here. In the first instance, courts in this district have rejected the very argument Plaintiffs make. That is, setoffs from collateral payments such as settlements prior to removal do not affect whether the amount in controversy is satisfied. *See Carlsen v. State Farm Mut. Auto Ins. Co.*, No. 616CV738ORL40TBS, 2017 WL 10808808, at *1 (M.D. Fla. May 11, 2017) (vacating remand order and noting "that set-offs, or payments received from collateral sources, are not evaluated when determining whether a plaintiff's claim for damages exceeds the required amount-in-controversy"); *see also Henry v. K-Mart Corp.*, No. 8:10-CV-2105-T-33MAP, 2010 WL 5113558, at *4 (M.D. Fla. Dec. 9, 2010) (rejecting similar setoff argument and finding the amount in controversy requirement was met). The Court finds the logic of these cases applies here. Plaintiffs submitted their discovery responses in this case, indicating damages they claim Defendant is

liable for. Plaintiffs cannot claim damages exist for the purposes of maintaining a suit against their Defendant but somehow do not exist for the purpose of establishing federal subject matter jurisdiction. To the extent that Plaintiffs believe their damages may be diminished by a setoff from the settlement in the future, that does not prevent jurisdiction from existing at the time of removal. *See Adventure Outdoors, Inc. v. Bloomberg*, 552 F.3d 1290, 1294-95 (11th Cir. 2008) ("The existence of federal jurisdiction is tested at the time of removal.").

In sum, the Court finds that Defendant establishes the amount in controversy by a preponderance of the evidence. Thus, the Court denies Plaintiffs' motion to remand.

Accordingly, it is now

**ORDERED:**

Plaintiffs Amy Pepper and Bernard Pepper's Motion to Remand (Doc. 11) is **DENIED**.

**DONE** and **ORDERED** in Fort Myers, Florida on July 22, 2026.

Copies: All Parties of Record

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE